UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RODOLFO ANTONIO LOPEZ, JR.,

Petitioner,

v.  CAUSE NO.: 3:20-CV-122-PPS-MGG

WARDEN,

Respondent.

OPINION AND ORDER

Rodolfo Antonio Lopez, Jr., a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (WCC 19-10-430) at Westville Correctional Facility in which a disciplinary hearing officer found him guilty of destruction of property in violation of Indiana Department of Correction Offense 215. Following a disciplinary hearing, he was sanctioned with a loss of sixty days earned credit time and ordered to pay restitution in the amount of $987.08. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Lopez argues that he is entitled to habeas relief due to insufficient evidence. He states that the evidentiary record at the disciplinary hearing consisted solely of statements from correctional staff that he threw a microwave at a television and that there is no evidence to support the amount of restitution imposed. The Seventh Circuit has established:

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks and citations omitted). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides 'some evidence' for the CAB's decision.").

Additionally, "a habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). "[R]estitution does not impact the fact or duration of [an inmate's] confinement and therefore is not a valid basis for habeas corpus relief." *Smith v. Neal*, 660 F. App'x 473, 475 (7th Cir. 2016). Because the administrative record contains some evidence suggesting Lopez's guilt, the claim regarding insufficient evidence is not a basis for habeas relief.

Lopez also broadly challenges correctional staff's discretion with respect to disciplinary proceedings and the use of good time credit to deter disciplinary violations and to encourage involvement in rehabilitation programs. He did not present this argument in his appeal to the Warden of the Westville Correctional Facility (ECF 1-1 at 3), and the court cannot grant him relief on this basis because he did not exhaust his administrative remedies. *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) ("Indiana

does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies."). Further, good time credit schemes and disciplinary proceedings presided over by correctional staff do not inherently violate the right to procedural due process. *See Wolff v. McDonnell*, 418 U.S. 539, 563-65 (1974) (holding that the right to procedural due process for good time credit is satisfied when certain requirements are met).

Because Lopez has not asserted a valid claim for habeas relief, the habeas petition is denied. If Lopez wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court of Cook Cnty., Ill.*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because I find pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) WAIVES the filing fee;

(3) DIRECTS the clerk to enter judgment and close this case; and

(4) DENIES Rodolfo Antonio Lopez, Jr., leave to proceed in forma pauperis on appeal.

SO ORDERED.

ENTERED: April 3, 2020.

                                              /s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT